Rey David **VARGAS**, Petitioner,

v.

Johnny **SIKES**, Respondent.

No. Civ.A. 1:98–CV–651–TWT.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 6, 1999.

Rey David Vargas, Reidsville, GA, pro se.

Paula K. Smith, Herman Maddox Kilgore, Office of State Attorney General, Atlanta, GA, for respondent.

### ORDER

THRASH, District Judge.

 This is a pro se habeas corpus action. It is before the Court on the Petitioner's Motion for a Certificate of Appealability [Doc. 34]. Two arguments in the motion require discussion. First, Petitioner claims that the Court failed to conduct a *de novo* review of the Report and Recommendation of the Magistrate Judge. That is entirely incorrect and the Court did in fact make a *de novo* determination, as required by 28 U.S.C. § 636(b)(1), as to those matters objected to by the Plaintiff. Second, Petitioner contends that the "gatekeeping" provision of 28 U.S.C. § 2244(b)(3)(A) does not apply to this case because it "does not apply to § 2241 petitions." Petitioner cites as authority for this argument the case of *Valona v. United States*, 138 F.3d 693 (7th Cir.1998). In that case, the court stated:

> Section 2244, which establishes the prior-appellate-approval mechanism for second or successive collateral attacks, requires permission before "a second or successive habeas corpus application under section 2254" (§ 2244(b)(1), (2)) may be commenced. We know from *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), that the statutory cross-reference must be taken seriously. Section 2244 refers to § 2254 but not § 2241, and Felker holds that the prior-approval mechanism therefore does not apply to petitions under § 2241. Section 2255 ¶ 8 requires appellate approval for second or successive petitions under § 2255 as well as § 2254 but does not add § 2241 to the list of covered sections.

*Valona*, 138 F.3d at 694. This was in the context of the effort by federal parolee to challenge his continuation on parole. The case is not authority that the "gatekeeping" process may be avoided by a state prisoner if he states in his habeas petition that he is proceeding pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. In *Felker*, the Supreme Court stated:

> Section 106(b) of the Act addresses second or successive habeas petitions. Section 106(b)(3)'s "gatekeeping" system for second petitions does not apply to our consideration of habeas petitions because it applies to applications "filed in the district court." § 106(b)(3)(A). There is no such limitation, however, on the restrictions on repetitive and new claims imposed by subsections 106(b)(1) and (2). These restrictions apply without qualification to any "second or successive habeas corpus application under section 2254." § 106(b)(1), (2).

*Felker*, 518 U.S. at 662, 116 S.Ct. 2333. Thus, the Supreme Court recognized that a habeas petition filed under Section 2241 by a state prisoner is subject to the limitations upon Section 2254 petitions. This is a habeas corpus petition "filed in the district court." It seeks relief pursuant to 28 U.S.C. § 2254 in that Petitioner is in custody pursuant to the judgment of a State court. Therefore, the gatekeeping provision applies. To hold otherwise would completely frustrate the intent of Congress in adopting 28 U.S.C. § 2244(b)(3)(A) to transfer the screening function for successive petitions from the district courts to the court of appeals. *Id.* at 664, 116 S.Ct. 2333. In his Motion for a Certificate of Appealability, Petitioner does not challenge the constitutionality of 28 U.S.C. § 2244(b)(3)(A). This Court may issue a Certificate of Appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court may not consider any of Petitioner's

constitutional claims absent an order from the Eleventh Circuit Court of Appeals authorizing the filing of a successive habeas petition. Therefore, the Petitioner's Motion for a Certificate of Appealability [Doc. 34] is DENIED.

SO ORDERED.