**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

ISA ABD'ALLAH RAMADAN SHABAZZ,

     Petitioner-Appellant,

v.

FRANK KEATING, Governor of the State of
Oklahoma; OKLAHOMA PARDON AND
PAROLE BOARD; PHILLIP L. STAMBECK,
Assistant District Attorney of Oklahoma County,
Oklahoma; JAMES SAFFLE, Director of the
Oklahoma Department of Corrections,

     Respondents-Appellees.

No. 00-6149
(W.D. Okla.)
(D.Ct. No. CIV-00-85-T)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.
_____

     After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

---

     [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

Appellant Isa Abd'allah Ramadan Shabazz (Mr. Shabazz), a state prisoner appearing *pro se*, appeals the district court's decision denying his habeas petition as a second and successive petition. We affirm.

After a review of the record, we find it helpful to our determination to provide some procedural history relating to Mr. Shabazz's previous litigation before this and other courts. In 1970, an Oklahoma jury found Mr. Shabazz guilty of first degree rape after former conviction of a felony, and assessed punishment at a term of 1,000 years. *See Fields v. State*, 501 P.2d 1390, 1390-91 (Okla. Crim. App. 1972).[1] On appeal, the Oklahoma Court of Criminal Appeals considered Mr. Shabazz's 1000-year sentence a life sentence. *Id.* at 1393. In addition to this conviction and sentence, Mr. Shabazz was also incarcerated for various other Oklahoma state court convictions, including robbery, forgery in the second degree, and receiving a taken credit card. As of 1989, Mr. Shabazz had

---

[1] Two points of clarification are necessary. First, Mr. Shabazz was Herbert Fields co-defendant in the *Fields* decision. *See* 501 P.2d at 1390. Second, at the time of his conviction, Mr. Shabazz's legal name was Jimmy Louis Phillips. *See Shabazz v. Keating*, 977 P.2d 1089, 1089 (Okla. 1999), *petition for cert. filed*, (No. 98–9765) 58 U.S.L.W. 3222 (Jun. 7, 1999).

filed at least twenty-two habeas actions, including at least seven relating to his 1970 conviction. Since then, and excluding the petition now on appeal, Mr. Shabazz has filed at least one state habeas petition and four federal habeas petitions, seeking habeas relief.

In addition to these habeas requests, on November 9, 1999, Mr. Shabazz filed a motion with this court seeking permission to file a second or successive habeas corpus petition under 28 U.S.C. § 2244, challenging the Oklahoma Supreme Court's decision on his most recent state habeas petition. *See Shabazz*, 977 P.2d at 1092-93, 1095 (ruling on issues related to Mr. Shabazz's denial of parole and sanctions imposed against him). The crux of Mr. Shabazz's November 9, 1999 motion centered on the state's decision to deny him parole. As specific grounds for relief, Mr. Shabazz contended the Board arbitrarily denied him parole: 1) based on his legal name change from "Jimmy Louis Phillips" to his current Islamic name; and 2) because he exercised his right to access the courts, *vis-à-vis* by filing a number of § 1983 and habeas actions.[2] On December 16,

---

[2] Mr. Shabazz has filed numerous § 1983 actions against various prison officials, including several which we have considered on appeal. As a result of his numerous filings, Mr. Shabazz is recognized as a frequent filer and is under strict filing restrictions before he may submit § 1983 and other pleadings in this circuit and the federal district courts.

1999, we denied Mr. Shabazz's motion concluding he failed to make the prima facie showing required under § 2244(b)(2)(A) or (B).

In Mr. Shabazz's latest federal habeas petition, which is the subject of this appeal, he makes the same assertions contained in his November 9, 1999 motion. The State of Oklahoma filed a motion to dismiss Mr. Shabazz's petition as a second or successive petition. The district court referred the petition to a magistrate judge who recommended granting the state's motion to dismiss. The magistrate judge made this recommendation based on the fact this court previously denied Mr. Shabazz permission to file a second or successive petition on the same issues. Following the magistrate judge's recommendation, the district court granted the state's motion to dismiss the petition with prejudice.

As a matter of clarification, we note the district court and this court have construed Mr. Shabazz's past habeas pleadings challenging the state's denial of parole as pleadings filed pursuant to 28 U.S.C. § 2254. However, we have held that habeas pleadings which contest parole denials involve challenges to the execution of a sentence under 28 U.S.C. § 2241, rather than the validity of a sentence under 28 U.S.C. § 2254. *See George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995); *cf. Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). It is

important to note our clarification of this matter does not change the outcome of our prior decisions nor our decision in this case. We make this determination even though we recognize our review of a second or successive § 2241 petition is controlled by different criteria than for a second or successive § 2254 petition.

Specifically, we have held 28 U.S.C. § 2244(a) is the statute that limits the filing of second or successive § 2241 petitions for federal prisoners. *See George*, 62 F.3d at 334 (applying the pre-Antiterrorism and Effective Death Penalty Act version of § 2244(a)); *see also Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998) (reaching same conclusion applying the post-Antiterrorism and Effective Death Penalty Act version of § 2244(a)); *Triestman v. United States*, 124 F.3d 361, 373 n.17 (2d Cir. 1997) (same). Under § 2244(a), we are not required to entertain a § 2241 petition if the legality of the detention has been determined on a prior application. *See* 28 U.S.C. § 2244(a).[3]

---

[3] Section 2244(a) states:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

In turn, 28 U.S.C. § 2244(b) is the statute which limits the filing of second or successive § 2254 petitions. Under § 2244(b)(2)(A), (B), a § 2254 petitioner filing a second or successive application for habeas relief

> must make a prima facie showing that the grounds set forth are based on either [1] a new rule of constitutional law made retroactive on collateral review by the United States Supreme Court that was previously unavailable or [2] newly discovered evidence, the factual basis for which could not have been discovered previously through the exercise of due diligence, and which would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the underlying offense.

*Tapia v. Lemaster*, 172 F.3d 1193, 1196 (10th Cir.) (citing 28 U.S.C. § 2244(b)(2)), *cert. denied*, 120 S. Ct. 192 (1999).

While we have not determined which criteria are applied for successive § 2241 petitions filed by "state" petitioners, we note one circuit has applied § 2244(b),[4] while another has applied § 2246(a).[5] Applying either criterium, it is clear Mr. Shabazz's identical parole claims must fail as successive, regardless of whether we construe his past and present pleadings as § 2241 or § 2254 filings.

---

[4] *See Greenawalt v. Stewart*, 105 F.3d 1287 (9th Cir.), *cert. denied*, 519 U.S. 1103 (1997); *see also Vargas v. Sikes*, 42 F. Supp.2d 1380, 1381 (N.D. Ga. 1999); *Byrd v. Gillis*, 1997 WL 698157 (E.D. Pa. Nov. 5, 1997) (unpublished opinion).

[5] *See, e.g., In re Slatton*, 165 F.3d 28, 1998 WL 661148, *2-4 (6th Cir. 1998) (unpublished opinion) (declining to apply § 2244(b) to state prisoner's successive § 2241 petition).

First, if we construe these pleadings under § 2241, we conclude Mr. Shabazz's parole claims have already been rejected as successive by this court so that his instant petition is also successive under the criteria for either § 2244(a) or § 2244(b). Second, if we construe his past pleadings and instant petition as filed under § 2254, Mr. Shabazz has again not demonstrated either reliance on a new rule of constitutional law or on facts that were previously undiscoverable and sufficient to establish by clear and convincing evidence he would not have been found guilty of the offense, as required under § 2244(b)(2)(A), (B). For these reasons, we agree with the district court that Mr. Shabazz's petition constitutes a second or successive petition.

Finally, given the fact Mr. Shabazz is raising identical issues previously addressed by this court, we hold his petition is clearly frivolous.[6] Accordingly, we **AFFIRM** the district court's order denying Mr. Shabazz's habeas petition as successive, deny his request for a certificate of appealability, and deny Mr.

---

[6] Given Mr. Shabazz's propensity to file repetitive and frivolous habeas pleadings and our interests in judicial economy, we warn Mr. Shabazz this Court will summarily dismiss any future second or successive habeas applications or appeals.

Shabazz's motion to proceed *in forma pauperis*.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge