effectively delegated the COA determination process to this Court, thereby "undermin[ing] the gate keeping function of certificates of appealability." *Id.* at *3.

### III.  CONCLUSION

For these reasons, we **VACATE** that portion of the district court's order denying Murphy a COA and **REMAND** the case for reconsideration of each claim raised by Murphy in light of *Slack*.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0287P (6th Cir.)
File Name:  01a0287p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――

JOSEPH D. MURPHY,
    *Petitioner-Appellant,*

    *v.*                                                   No. 00-4558

STATE OF OHIO,
    *Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 96-07244—David A. Katz, District Judge.

Decided and Filed:  August 27, 2001

Before:  NORRIS, COLE, and GILMAN, Circuit Judges.

―――――――――

### MEMORANDUM OPINION

―――――――――

PER CURIAM.  Petitioner-appellant Joseph D. Murphy, an Ohio death row inmate, has filed an application for a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253, seeking permission to appeal from the district court's decision denying his petition for a writ of habeas corpus.  In its order denying Murphy habeas relief, the district court also denied Murphy a COA and certified that an appeal could not be taken in good faith.  For the reasons that follow, we **VACATE** the district court's denial of a COA and

**REMAND** the case for reconsideration of each claim raised by Murphy in light of the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473 (2000).

## I. BACKGROUND

Murphy was convicted of aggravated murder in an Ohio state court in 1987 and was sentenced to death. On direct appeal, the Ohio Supreme Court affirmed his conviction and sentence by a vote of four to three, *see State v. Murphy*, 605 N.E.2d 884 (Ohio 1992), and the United States Supreme Court denied certiorari, *see Murphy v. Ohio*, 510 U.S. 834 (1993). Murphy's state court petition for post-conviction relief also was denied. *See State v. Murphy*, No. 9-94-52, 1995 WL 275766 (Ohio Ct. App. May 12, 1995).

After exhausting his state remedies, Murphy filed the instant habeas action in the United States District Court for the Northern District of Ohio on December 31, 1996, raising seventeen grounds for relief. In a ninety-two page memorandum opinion and order filed September 28, 2000, the district court denied Murphy's habeas petition. The district court also denied Murphy a COA and certified that appeal could not be taken in good faith. Murphy subsequently filed a motion to alter or amend the district court's judgment pursuant to FED. R. CIV. P. 59(e), arguing, in part, that the district court erred in prematurely denying a COA before Murphy had even applied for one. The district court denied Murphy's motion to alter or amend on November 9, 2000. This appeal followed.

## II. DISCUSSION

We need not decide whether to grant Murphy a COA at this juncture. In *Porterfield v. Bell*, No. 01-5107, 2001 WL 803540 (6th Cir. July 18, 2001), the district court denied habeas relief to a Tennessee death row inmate but issued a blanket COA as to all issues presented in the petition. This Court vacated the district court's COA and remanded the case so that the district court could engage in a reasoned assessment of each claim presented by the petitioner, as

required by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *See Porterfield*, 2001 WL 803540, at *3. In explaining our ruling, we stated:

> Since the enactment of AEDPA, this court has noted a disturbing lack of uniformity throughout the districts of our circuit with respect to how trial courts are to determine the extent to which certificates of appealability should issue. The approaches vary from a blanket grant as to all issues, as in this case, to blanket denials. Both of these approaches undermine the gate keeping function of certificates of appealability, which ideally should separate the constitutional claims that merit the close attention of counsel and this court from those claims that have little or no viability. Moreover, because the district court is already deeply familiar with the claims raised by petitioner, it is in a far better position from an institutional perspective than this court to determine which claims should be certified.

*Id.*

In this case, the district court similarly failed to undertake the individualized determination of each claim presented by petitioner in considering whether to grant a COA under 28 U.S.C. § 2253(c). Rather, the lower court denied Murphy a COA before Murphy had even applied for one, and failed to provide any analysis whatsoever as to whether Murphy had made a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2); *Slack*, 529 U.S. at 483. Such a blanket *denial* of a COA by the district court in this case is at least as objectionable as the blanket *grant* of a COA by the lower court in *Porterfield*, if not more so. The district court here failed to consider each issue raised by Murphy under the standards set forth by the Supreme Court in *Slack*. *Cf. Porterfield*, 2001 WL 803540, at *2 ("[I]n granting a certificate of appealability as to all claims, the court did not provide us with any analysis to indicate that it had engaged in the two-pronged inquiry set forth in *Slack* as to each of the procedurally defaulted claims."). As such, the district court