**Hardy L. WILSON, Petitioner,**

v.

**Dennis STRAUB, Respondent.**

No. 97–72170.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 30, 2002.

Hardy Wilson, Detroit, MI, Pro se.

K. Davison Hunter, Michigan Department of Attorney General Education Division, Lansing, MI, for Respondent.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HOOD, District Judge.

### I. *Introduction*

Petitioner Hardy L. Wilson, a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court denies the petition.

### II. *Procedural History*

Following a bench trial in Recorder's Court for the City of Detroit, Petitioner was convicted of unarmed robbery. On December 19, 1986, he was sentenced to six to fifteen years imprisonment.

Petitioner filed an appeal with the Michigan Court of Appeals. On March 24, 1989, the Michigan Court of Appeals issued an opinion affirming Petitioner's conviction. *People v. Wilson*, No. 99923 (Mich.Ct.App. March 24, 1989).

Petitioner then filed a delayed application for leave to appeal in the Michigan Supreme Court, presenting the same issues presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Wilson*, No. 86205 (Mich. Dec. 28, 1989).

Petitioner filed the pending habeas corpus petition on May 21, 1997, claiming that the trial court lacked jurisdiction to try him and that his arrest resulted from a Fourth Amendment violation because the police lacked probable cause to stop his car.

On August 1, 2000, this Court issued an Opinion and Order Dismissing Petition for Writ of Habeas Corpus on the ground that it was untimely. Petitioner filed a motion for a certificate of appealability in this Court, which was denied. Petitioner then filed a notice of appeal in the United States Court of Appeals for the Sixth Circuit, which the Sixth Circuit Court of Appeals construed as an application for a certificate of appealability. On February 2, 2001, the Sixth Circuit Court of Appeals denied the certificate of appealability on the ground that the court lacked jurisdiction because Petitioner was not "in custody" at the time he filed his habeas corpus

petition. *Wilson v. Straub*, No. 00–2049 (6th Cir. Feb. 2, 2001).

Petitioner filed a motion for rehearing of the Sixth Circuit Court of Appeals decision denying a certificate of appealability. The Sixth Circuit Court of Appeals granted Petitioner's motion for rehearing and granted, in part, his application for a certificate of appealability. The court granted the application for a certificate of appealability as to the sole issue of whether Petitioner was in custody pursuant to the challenged conviction and sentence at the time he filed his § 2254 petition.

In an opinion dated October 31, 2001, the Sixth Circuit Court of Appeals held that Petitioner satisfied the "in custody" requirement on the date that his habeas corpus petition was filed and vacated this Court's order dismissing the petition and remanded the case to this Court for consideration on the merits, including the applicability of the concurrent sentence doctrine.

### III. *Analysis*

#### A. *Standard of Review*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA") altered the standard of review federal courts must apply when reviewing applications for a writ of habeas corpus. The AEDPA applies to all habeas petitions filed after the effective date of the act, April 24, 1996. Because petitioner's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard of review, apply to this case.

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review that a federal court must utilize when reviewing applications for a writ of habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir.1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) [1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir.1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .

---

1. 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1519–20, 146 L.Ed.2d 389 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 1521. The Court defined "unreasonable application" as follows:

[A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable...

[A]n unreasonable application of federal law is different from an incorrect application of federal law.... Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1521–22.

With this standard in mind, the Court proceeds to the merits of the petition for a writ of habeas corpus.

**B.** *Concurrent Sentence Doctrine*

At the time he filed his petition for a writ of habeas corpus, Petitioner was in custody pursuant to the unarmed robbery conviction challenged herein, for which he was sentenced to six to fifteen years imprisonment. That sentence was imposed to run concurrently with a twenty to fifty year sentence defendant received for an earlier, unrelated armed robbery conviction. Respondent argues that, pursuant to the concurrent sentence doctrine, this Court should exercise its discretion to decline to consider the claims contained herein.

■ The concurrent sentence doctrine permits a federal court to decline to review habeas corpus petitions "which challenge criminal convictions that have resulted in sentences, and other collateral consequences, which are wholly subsumed by those conferred by other unassailable convictions." *Ayers v. Doth*, 58 F.Supp.2d 1028, 1033 (D.Minn.1999). The doctrine has been widely, but haphazardly applied. *Benton v. Maryland*, 395 U.S. 784, 789, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The United State Supreme Court has warned that one can search through the many cases in which the Supreme Court applied the concurrent sentence doctrine "without finding any satisfactory explanation for" the doctrine. *Id.* The Court has further held that "there is no jurisdictional bar to consideration of challenges to multiple convictions, even though concurrent sentences were imposed." *Id.* at 791, 89 S.Ct. 2056.

■ A federal court should exercise its discretion to decline to review a claim under the concurrent sentence doctrine only where "it is clear that there is no collateral consequence to the defendant and the issue does not otherwise involve a significant question meriting consideration." *U.S. v. Hughes*, 964 F.2d 536, 541 (6th Cir.1992). Addressing the issue of collateral consequences of a criminal conviction in the context of whether a habeas corpus petition is rendered moot by a petitioner's release, the Supreme Court has held that collateral consequences are presumed to result from a criminal conviction and that a petitioner need not show the actual exis-

tence of collateral consequences. *Sibron v. New York*, 392 U.S. 40, 55, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968) (holding that it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences").

■ In the instant case, the Court finds that collateral consequences may result from the challenged conviction. Therefore, the Court declines to exercise its discretion to decline to review the petition under the concurrent sentence doctrine and, accordingly, will address the merits of the petition.

## C. *Jurisdiction of Trial Court*

Petitioner claims that he is entitled to habeas corpus relief because the trial court lacked jurisdiction to try him. Petitioner claims that his transfer from the Oakland County Jail, where he was awaiting a preliminary examination on an unrelated charge, to the Wayne County Jail for a lineup with regard to several armed robberies, was improper where no writ was issued by a Wayne County Circuit judge for the delivery of Petitioner to the custody of the Detroit Police Department.

■ This claim appears to be unexhausted. However, the Court declines to dismiss the petition on that ground. The requirement for exhaustion of remedies raises only federal-state comity concerns and is not a jurisdictional limitation on the power of the court. *Granberry v. Greer*, 481 U.S. 129, 131–36, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987). An unexhausted claim may be addressed if the claim is without merit, and addressing the claim would serve the interest of judicial efficiency and would not offend federal-state comity concerns. *Matthews v. Abramajtys*, 92 F.Supp.2d 615, 628 (E.D.Mich.2000). Because the Court determines that the unexhausted claim lacks merit, the Court will address the petition in the interests of judicial efficiency and justice.

■ Petitioner's claim that the trial court lacked jurisdiction to try him apparently rests upon his contention that a proper writ was never issued to secure his delivery from Oakland County Jail to the custody of the Detroit Police Department. In support of this contention, Petitioner submits an excerpt from a proceeding in Oakland County Circuit Court where the writ was discussed and a copy of the writ itself. Both of these documents support a conclusion that a writ was issued to secure Petitioner's delivery to the custody of the Detroit Police Department. In addition, to the extent that Petitioner is claiming that the state court failed to comply with Michigan state law in transferring him to the custody of the Detroit Police Department, such a claim is not cognizable on federal habeas corpus review. *See Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (holding that " 'federal habeas corpus review does not lie for errors of state law' "), *quoting Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990); *see also Spalla v. Foltz*, 788 F.2d 400, 405 (6th Cir.1986).

Accordingly, Petitioner is not entitled to habeas corpus relief with respect to this claim.

## D. *Fourth Amendment Claim*

Petitioner argues that he is entitled to habeas corpus relief because the trial court erred in denying his motion to suppress evidence seized during a search of his automobile where the police officers lacked probable cause for the initial stop.

■ The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428

U.S. 465, 494–95, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). In the instant case, Petitioner's Fourth Amendment claim was the subject of an evidentiary hearing in the trial court where the facts of his claim were fully developed. Following the hearing, the trial court denied Petitioner's motion to suppress. Petitioner then had an opportunity to present his Fourth Amendment claim to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Court of Appeals denied Petitioner's appeal, stating, in pertinent part:

> Defendant also claims that it was reversible error not to suppress evidence obtained by the police after an investigatory stop of defendant's car.... The trial court will be affirmed unless our review of the record convinces us that a mistake has been made.... Defendant maintains that such a mistake was made because the police officer who stopped his car did not have a reasonable and articulable suspicion for doing so as required by *Terry v. Ohio,* 392 U.S. 1, 22–23, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We disagree.
>
> An investigatory stop of a person by police, based on less than probable cause, is permissible under the Fourth Amendment provided the police officer has a reasonable and articulable suspicion that the person stopped has committed or is about to commit a crime. *Terry, supra,* .... The articulable reasons for suspecting criminal activity must derive from the police officer's assessment of the totality of the circumstances confronting him.... In the instant case, the police officer stopped defendant within a few minutes after receiving a report of an armed robbery at a nearby restaurant. Defendant was traveling on the road where the restaurant was located, not far from the scene of the reported crime and in a direction consistent with a path of flight from the area. Defendant was black, slim and had a moustache, which was consistent with the radio description of the robbery suspect conveyed to the officer. Further, the police officer witnessed defendant quickly glance away after noticing his patrol car. We conclude that this was sufficient to justify the officer in stopping defendant.

*People v. Wilson,* slip op. at 2–3.

Based on the evidentiary hearing conducted in the trial court, the Michigan Court of Appeals' decision, and Petitioner's failure to present any evidence to the contrary, this Court concludes that Petitioner's Fourth Amendment claim was fully and fairly litigated in the Michigan trial and appellate courts. Consequently, this claim is not cognizable on habeas review.

### IV. *Conclusion*

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.