Frank R. REYNOLDS, III, Petitioner,

v.

UNITED STATES of America, Respondent.

No. Civ. 00–40094.
No. CR. 81–50046.

United States District Court, E.D. Michigan, Southern Division.

April 29, 2002.

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR A CERTIFICATE OF APPEALABILITY**

GADOLA, District Judge.

Before the Court is a motion for a certificate of appealability ("COA"), filed by Petitioner Frank Reynolds [docket entry 229]. Petitioner is seeking to appeal this Court's denial of his motion to vacate sentence pursuant to 28 U.S.C. § 2255, and this Court's denial of his motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59. For the reasons set forth below, this Court will grant in part and deny in part Petitioner's motion.

Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 on February 29, 2000, seeking to set aside his 1982 conviction and sentence for running a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848. This Court referred the matter to Magistrate Judge Thomas Carlson for a report and recommendation. The Magistrate Judge issued a report filed on January 18, 2001 recommending that this Court deny Petitioner's motion.[1] Accepting the Magistrate Judge's report and recommendation, this Court denied Petitioner's motion on July 10, 2001. This Court denied Petitioner's motion to alter or amend judgment on November 7, 2001.

A certificate of appealability is required to appeal the final ruling of the district court in a habeas corpus proceeding. Title 28, United States Code, Section 2253 states, in relevant part:

Frank Reynolds, FCI Talladega, Talladega, AL, petitioner pro se.

1. The Magistrate Judge signed his report and recommendation on January 17, 2001, but the report was not time-stamped until January 18, 2001. Based upon the docket report, the Clerk considered this document "filed" as of the date that the Magistrate Judge signed the report. This Court shall construe this document, and all documents in this case, as "filed" as of the date that the document received its time stamp.

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court. . . .

28 U.S.C. § 2253(c)(1). Rule 22 of the Federal Rules of Appellate Procedure similarly provides that:

In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.

Fed.R.App.P. 22(b)(1); *see Lyons v. Ohio Adult Parole Authority,* 105 F.3d 1063, 1076 (6th Cir.), *cert. denied,* 520 U.S. 1224, 117 S.Ct. 1724, 137 L.Ed.2d 845 (1997); *In Re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir.1997).

■ A certificate of appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This statute codifies the standard promulgated in *Barefoot v. Estelle,* 463 U.S. 880, 892–93, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), for the issuance of a certificate of probable cause. *See Lyons,* 105 F.3d at 1073. Petitioner is required to show that the issues presented are debatable among jurists of reason, that courts could resolve the issues differently, or that the questions are "adequate to deserve encouragement to proceed further." *Barefoot,* 463 U.S. at 893 n. 4, 103 S.Ct. 3383. Petitioner is not required to show that he will prevail on the merits. *Id.*

■ The report and recommendation, adopted by this Court on July 10, 2001, rejected Petitioner's habeas petition on procedural grounds. Specifically, the Magistrate Judge found that Petitioner had failed to meet the jurisdictional requirements of § 2255 because Petitioner was no longer in custody pursuant to the conviction that he was seeking to set aside, his 1982 CCE conviction in violation of 21 U.S.C. § 848. According to the Supreme Court in *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000),

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [i.e., certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

120 S.Ct. at 1604. This Court may deny Petitioner a certificate of appealability without reaching the other factor if either factor does not support granting a certificate of appealability. *See id.* ("a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and the arguments").

Petitioner has established that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" because the Government has conceded that Petitioner's CCE conviction violated the rule established in *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). In *Richardson,* the Supreme Court held that "a jury in a

federal criminal case brought under § 848 must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" *Id.* at 815, 119 S.Ct. 1707. In *Murr v. United States,* 200 F.3d 895, 906 (6th Cir.2000), the Sixth Circuit found the rule enunciated in *Richardson* to apply retroactively.

*Petitioner seeks to appeal four separate rulings made in connection with his § 2255 motion.*

■ 1 . *First,* Petitioner seeks a COA regarding "[w]hether the magistrate judge erred by allowing the government to supplement their [sic] response without leave of court and entering the report and recommendation before giving the Petitioner the opportunity to file a reply to the government's supplemental response." (Mot. at 1.) In support of his argument, Petitioner cites Federal Rule of Civil Procedure 15(d), which provides, in pertinent part: "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Petitioner also cites Rule 5(a) of the Rules Governing Section 2255 Proceedings, which provides, in part, that "[t]he answer shall respond to the allegations in the motion." Petitioner also seizes upon a portion of the Advisory Committee Notes to Rule 5, which state, "Numerous cases have held that the government's answer and affidavits are not conclusive against

the movant, and if they raise disputed issues of fact a hearing must be held."

Despite his citation to the above-referenced rules, Petitioner has provided no support for the proposition that reasonable jurists would find it debatable whether the Magistrate Judge's decision to accept the Government's supplemental pleading was correct. Further, Petitioner has not demonstrated that reasonable jurists would find it debatable whether the Magistrate Judge's decision to issue a ruling without requesting a response to the Government's supplemental pleading was correct. Therefore, this Court denies Petitioner a COA on his first identified issue.

**2.** *Second,* Petitioner seeks a COA regarding "[w]hether the district court erred by denying the Petitioner's motion for an enlargement of time in which to file objections to the Magistrate Judge's report and recommendation and by finding that the objections that were filed were untimely." (Mot. at 1.)

The Magistrate Judge's report and recommendation was filed on January 18, 2001. Petitioner had ten days after being served with a copy of the report in which to file his objections. *See* 28 U.S.C. § 636(b)(1). Computing time under Rule 6 of the Federal Rules of Civil Procedure, Petitioner's objections were therefore due no later than February 2, 2001.[2] On January 30, 2001 Petitioner filed a motion for an extension of time within which to file his objections. On February 8, 2001, the Court ordered this motion stricken from the record because the document was not double-spaced, in violation of Local Rule 5.1(a). On February 16, 2001, Petitioner filed his objections to the report and also

---

**2.** The Court reaches this conclusion by adding the three additional days for service by mail, provided for by Rule 6(e), at the beginning of the period. *See* 4B *Federal Practice and Procedure,* Charles A. Wright and Arthur R. Mil-ler § 1171 (3d ed.2002). Petitioner argues that his objections were not due until February 14, 2001, citing *Thompson v. Rose,* 505 F.Supp. 183, 184 (W.D.Tenn.1981).

filed a motion for an enlargement of time within which to file the objections. In his February 16, 2001 motion, Petitioner stated that he was unfamiliar with the Court rule requiring double-spaced pleadings. On July 10, 2001, this Court denied Petitioner's motion for enlargement of time, stating that "Petitioner had failed to adduce any equitable considerations in his favor."

In support of his motion on this issue, Petitioner relies upon *Patterson v. Mintzes*, 717 F.2d 284 (6th Cir.1983). In *Patterson*, the Sixth Circuit noted "that the 10 day period of § 636(b)(1) may be extended by the district court" pursuant to Federal Rule of Civil Procedure 6(b). *Id.* at 286–87. Further, the Patterson court commented that "the interests underlying the Magistrate Act and the desirable procedures of achieving those interests compel the conclusion that Congress did not intend to divest the district courts of the ability to balance the interests of the parties and the interests of justice and extend the 10 day period of § 636(b)(1) when necessary and appropriate to accomplish the ultimate objects of the proceedings, to wit, ascertain the facts and the controlling principles of law." *Id.* at 287 (footnote omitted).

■ In light of *Patterson* and the somewhat tangled procedural history of this case, this Court finds that Petitioner has demonstrated that reasonable jurists could find debatable this Court's conclusion that Petitioner did not demonstrate equitable justifications for an enlargement of time within which to file objections. Petitioner's January 30, 2001 motion for an extension was filed within the ten day period for filing objections to the Magistrate Judge's report. The order striking this document for a violation of the local rule was not filed until after the ten day period for objections had expired. Thus, Petitioner

did not receive notice that his timely filed motion was stricken until after the expiration of the time for filing objections. Reasonable jurists could conclude that these circumstances warranted granting an enlargement of time within which to file objections to the report and recommendation and that Petitioner enunciated these circumstances in his motion for an enlargement.

Therefore, this Court will grant Petitioner a COA on the following issue: **whether this Court erred in denying Petitioner's February 16, 2001 motion for enlargement of time or motion to file out of time and by finding that the objections that were filed were untimely.**

■ This Court feels compelled to raise an additional point on this issue. The Court is aware that, pursuant to the rule established in *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981), Petitioner's failure to file timely objections could constitute a waiver of his right to appeal. In light of the substantive issues that Petitioner has presented in his present motion, which the Court addresses *infra*, and the procedural history of this case, this Court is willing to concede the timeliness of Petitioner's objections so that the Court of Appeals may reach those substantive issues. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (noting that the rule of waiver may be excused in the "interests of justice"); *c.f. Patterson*, 717 F.2d at 286 (holding that "when written objections to a magistrate's report are tendered beyond the 10 day period of 28 U.S.C. § 636(b)(1), but are nevertheless filed and considered by the district court, the criteria identified in *Walters* in justification of the waiver rule promulgated therein dissipate and the rule will not apply to bar appellate review").

3. *Third,* Petitioner argues that the Court should grant him a COA as to

"[w]hether the district court erred in concluding that the magistrate judge's reasoning and conclusion that the Petitioner was not in custody under the judgment under attack was correct as a matter of law." (Mot. at 1.) On June 29, 1982, Petitioner was convicted of running a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848, tax evasion in violation of 26 U.S.C. § 7201, and conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Petitioner received the following sentences, to be served concurrently: 10 years on the CCE conviction and 5 years each on the tax evasion and conspiracy to defraud convictions. (See Pet. Reply, Dec. 4, 2000, Ex. B–1, B–2.)

Petitioner failed to surrender for service of his sentence, in violation of 18 U.S.C. § 3146, and on January 19, 1988, he received a four year sentence for this violation. (See Pet. Reply, Dec. 4, 2000, Ex. B–3.) Petitioner's four year sentence for the violation of 18 U.S.C. § 3146 was to be served consecutively to his ten year sentence for the CCE conviction. Therefore, Petitioner was to serve an aggregate sentence of fourteen years.[3] Petitioner began serving his sentence as of November 2, 1987, which is apparently the date on which he was brought into custody for the failure to surrender charge. (See Pet. Reply, Dec. 4, 2000, Ex. B–3.) It appears that Petitioner's fourteen year term of imprisonment was set to expire on October 31, 2001. (See Pet. Reply, Dec. 4, 2000, Ex. B–3.)[4]

On May 30, 1995, Petitioner was released on parole. (See Pet. Reply, Dec. 4, 2000, Ex. C–1.) At the time of his release, Petitioner still had 2346 days, or over six years, yet to be served on his fourteen year aggregate sentence. (See Pet. Reply, Dec. 4, 2000, Ex. B–4, C–1.)

In his present motion, Petitioner directs his attack on the Magistrate Judge's finding that Petitioner was no longer in custody on his CCE conviction at the time that he filed his motion under § 2255. The Magistrate Judge reasoned that since

the version of the CCE statute in effect at the time of Petitioner's conviction in 1982 was, by its terms, a non-parolable offense ... Petitioner could not have been paroled on his CCE sentence at all, which was after ten years less statutory good time credit. Petitioner's parole in May 1995, therefore, only involved the parolable portions of his aggregate sentence that related to his convictions for tax evasion and conspiracy to defraud the government.

(Rep. & Rec. at 6–7 (footnote omitted).)

The Magistrate Judge reasoned that because the CCE conviction was a non-parolable offense, that conviction must have been discharged in order for Petitioner to have been released in May, 1995. (Rep. & Rec. at 7.)

*Petitioner challenges the Magistrate Judge's findings on several grounds.*

A. Petitioner argues that the Magistrate Judge erred in concluding that he was paroled on his tax evasion and conspiracy

---

**3.** The Court notes that the Magistrate Judge's report and recommendation states that Petitioner was sentenced to "fourteen years' imprisonment on the tax evasion and conspiracy to defraud convictions." (Rep. & Rec. at 2.) This conclusion appears to be incorrect. As noted in this opinion, Petitioner's *aggregate sentence,* as of January 19, 1988, was fourteen years. However, it appears that he was sen-

tenced to concurrent five year terms for his tax evasion and conspiracy to defraud convictions.

**4.** Petitioner was sentenced for an unrelated offense on January 14, 1997. It appears that this offense has extended the full period of Petitioner's custody until October 13, 2006. (See Pet. Reply, Dec. 4, 2000, Ex. A–2.)

to defraud convictions. As those convictions carried five year concurrent sentences, which Petitioner began serving in November 1987, they would have been discharged by May, 1995.

■ **B.** Petitioner argues that the Magistrate Judge erred in finding that Petitioner's CCE conviction was discharged in May, 1995. Petitioner notes that at least 886 of the 2346 days remaining on his sentence in May, 1995 must be attributable to the sentence underlying his CCE conviction. Petitioner arrives at this number by finding that 2346 days exceeds four years, which is the amount of time to which he was sentenced on his failure to surrender conviction. To buttress the argument that Petitioner's sentence for his CCE conviction had not been discharged, Petitioner points out that even if one is released early for earning statutory "good time" credit under 18 U.S.C. § 4164, one is still considered "in custody" for the duration of one's total sentence. *See* 18 U.S.C. § 4164 (providing that "[a] prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days"), *repealed by* Pub.L. 98–473, Oct. 12, 1984, Title II, § 218(a)(4), 98 Stat. 2027.[5] As Petitioner notes, an individual on parole is still considered "in custody" for purposes of seeking habeas corpus relief. · *See. Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3d Cir.1984).

C. Petitioner argues that his position is supported by the Supreme Court's holding in *Garlotte v. Fordice*, 515 U.S. 39, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995) that a habeas corpus petitioner "remains 'in custody' under all of his [consecutive] sentences until all are served, and … may attack the conviction underlying the sentence scheduled to run first in the series" even after serving that sentence. *Id.* at 41, 115 S.Ct. 1948. Petitioner argues that the Government admitted in its brief that "his [May, 1995] parole could only relate to the parolable portion of his sentence which would, by application of law, be available only as to the four year failure to appear sentence which was consecutive to the 848 sentence." (Gov't. Br., Dec. 20, 2000 at 1.)

As noted above, Petitioner's sentence on his CCE conviction was ten years, and his conviction on his failure to surrender conviction was four years, those sentences to be served consecutively. If, as the Government appears to have conceded, Petitioner was "in custody," in the form of parole, as to the failure to surrender conviction at the time that he filed his § 2255 motion, then under *Garlotte*, Petitioner has demonstrated that reasonable jurists could debate whether he was "in custody" for the purpose of challenging his CCE conviction. The Court finds that Petitioner has demonstrated that jurists of reason could debate whether this Court was correct in its finding that Petitioner was not in custody for purposes of his § 2255 motion. Therefore, this Court will issue a certificate of appealability as to the following issue: **whether Petitioner was in custody relative to his CCE conviction at the time he filed his motion under 28 U.S.C. § 2255.**

■ **4.** *Fourth,* Petitioner argues that the Court should grant him a COA as to **"[w]hether the district court abused its discretion and clearly erred in denying the Petitioner's Motion to Alter Or**

---

**5.** Despite its repeal, § 4164 applies to the sentence underlying Petitioner's CCE conviction because he committed this offense prior to the repeal of the statute. *See Rowland v.*

·*United States*, No. 97–5291, 1998 WL 432831, *3 (6th Cir. July 17, 1998); *Martin v. U.S. Parole Comm'n*, 108 F.3d 1104, 1106 (9th Cir.1997).

Amend its Judgment under [Rule 59] based on a clear error of law." (Mot. at 1.) In this Court's November 7, 2001 order denying Petitioner's Rule 59 motion, this Court noted that such a motion will be granted if "there is a need to correct a clear error of law or prevent manifest injustice."

In his motion for a COA, Petitioner states that in his Rule 59 motion, he noted "that the magistrate judge erroneously concluded that the Petitioner was sentenced ... to fourteen years' imprisonment on the tax evasion and conspiracy to defraud convictions which was not supported by the record and would have affected this Court's 'in custody' analysis." (Mot. at 28 (internal quotation omitted).) As this Court has already noted, *see supra* note 3, it appears that the Magistrate Judge's conclusion as to Petitioner's sentence on the tax evasion and conspiracy to defraud convictions was incorrect. Petitioner's argument demonstrates to this Court that reasonable jurists could debate the denial of Petitioner's Rule 59 motion. Therefore, this Court will grant Petitioner a COA on the following issue: **whether this Court erred in denying Petitioner's Rule 59 motion to alter or amend judgment.**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for a certificate of appealability [docket entry 229] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Petitioner is granted a certificate of appealability as to the following issues only:

**(1) whether this Court erred in denying Petitioner's February 16, 2001 motion for enlargement of time or motion to file out of time and by finding that the objections that were filed were untimely; (2) whether Petitioner was in** custody relative to his CCE conviction at the time he filed his motion under 28 U.S.C. § 2255; **(3) whether this Court erred in denying Petitioner's Rule 59 motion to alter or amend judgment.**

**SO ORDERED.**