**Martez Rason COLEMAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. CIV. 01–40018.

No. CR. 95–50061.

United States District Court, E.D. Michigan, Southern Division.

Oct. 9, 2002.

Martez Coleman, Cumberland, MD, plaintiff pro se.

### ORDER DENYING A CERTIFICATE OF APPEALABILITY

GADOLA, District Judge.

On September 20, 2002, the Clerk of the United States Court of Appeals for the Sixth Circuit issued an order remanding this case to this Court "for the limited purpose of determining whether a certificate of appealability should issue." For the reasons set forth below, the Court shall deny Petitioner a certificate of appealability.

### I. BACKGROUND

A jury of his peers convicted Petitioner of conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846 and of possessing cocaine with the intent to distribute in violation of 21 U.S.C.

§ 841(a)(1). This Court then sentenced Petitioner to 324 months in prison for the former offense and 240 months for the latter offense, each sentence to be served concurrently with the other. The Sixth Circuit affirmed the conviction and the sentence. *See United States v. Simpson,* 191 F.3d 454, 1999 WL 777348, at *1 (6th Cir.1999), *cert. denied sub nom., Coleman v. United States,* 528 U.S. 1143, 120 S.Ct. 995, 145 L.Ed.2d 942 (2000).

Petitioner then moved to vacate his sentence pursuant to 28 U.S.C. § 2255 arguing that the sentence was invalid under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This Court denied Petitioner's § 2255 motion on April 25, 2001 [docket entry 467], and Petitioner appealed. However, on September 6, 2001, the Clerk of the Sixth Circuit remanded the case to this Court for the limited purpose of ruling on whether a certificate of appealability should issue [docket entry 510].

On December 13, 2001, in response to the Clerk's remand order, this Court issued an Order [docket entry 521] directing Petitioner to move for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) within thirty days of the entry of the Order. *See Murphy v. Ohio,* 263 F.3d 466, 467 (6th Cir.2001); *Brown v. United States,* 187 F.Supp.2d 887, 889–91 (E.D.Mich.2002) (Gadola, J.); *Payne v. Bell,* 194 F.Supp.2d 739, 757–58 (W.D.Tenn.2002).

In response to this Order for a motion for a certificate of appealability, Petitioner filed a "Motion to Comply with Court's Order" on January 10, 2002 (received on January 18, 2002) [docket entry 524]. To this motion, Petitioner attached a prior application for a certificate of appealability to the Sixth Circuit. Petitioner requested that this Court accept the prior application as an appropriate motion and brief for certificate of appealability purposes with this Court.

However, on January 23, 2002, the Court struck this motion because it did not conform to the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of Michigan [docket entry 525]. Specifically, Petitioner failed to sign the motion and failed to provide a duplicate copy. *See* Fed.R.Civ.P. 11(a); E.D.Mich. LR 5.1(b). While the Court would be inclined ordinarily to suspend the duplicate copy requirement of Local Rule 5.1(b) for unrepresented prisoners, *see* E.D.Mich. LR 1.2 (suspension of local rules), the Court shall not waive the signature requirement of Rule 11(a) of the Federal Rules of Civil Procedure. Rule 11(a) clearly mandates:

> *Every* pleading, written motion, and other paper shall be signed by at least one attorney ... or, if the party is not represented by an attorney, *shall* be signed by the party.... An unsigned paper shall be *stricken* unless omission of the signature is corrected *promptly* after being called to the attention of the attorney or party.

Fed.R.Civ.P. 11(a) (emphasis added). Petitioner has not corrected the omission of his signature. As a stricken document, therefore, Petitioner's motion is deemed not to be a part of the record of this case. As a result, the Court shall not consider the stricken document in ruling on a certificate of appealability.

Since that time, Petitioner has failed to file a motion pursuant to this Court's Order of December 13, 2001. As a result, this Court has not yet ruled on the certificate of appealability issue. *See Murphy,* 263 F.3d at 467; *Brown,* 187 F.Supp.2d at 890; *Payne,* 194 F.Supp.2d at 757–58.

Now, on September 20, 2002, for a second time, the Clerk of the Sixth Circuit

has issued a remand order [docket entry 574] instructing this Court to determine whether a certificate of appealability should issue in this case.

## II. LEGAL STANDARD

In *Murphy v. Ohio,* the Sixth Circuit made clear to the district courts of this Circuit that before ruling on whether to issue a certificate of appealability, the district courts should prudently stay their hands and afford habeas petitioners the opportunity to make a showing, under § 2253(c) and *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), of why the district court should issue a certificate of appealability. *See* 263 F.3d at 467; *Brown,* 187 F.Supp.2d at 890; *Payne,* 194 F.Supp.2d at 757–58.

In *Slack,* the Supreme Court of the United States held that, in the certificate of appealability context, "where a district court has rejected the [prisoner's] constitutional claims on the merits, ... *[t]he petitioner must demonstrate* that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S.Ct. 1595 (emphasis added). Furthermore, where "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue *when the prisoner shows,* at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of rea-

son would find it debatable whether the district court was correct in its procedural ruling." *Id.* (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)) (emphasis added).

Further, *Murphy* instructed district courts against issuing blanket (i.e., with respect to every issue) denials of certificates of appealability. 263 F.3d at 467. Likewise, in *Porterfield v. Bell,* the Sixth Circuit instructed district courts against issuing blanket grants of certificates of appealability. 258 F.3d 484, 486–87 (6th Cir.2001). Instead, these two opinions direct district courts to make individualized determinations of each claim presented by a habeas petitioner in considering whether to grant or deny a certificate of appealability. *See Murphy,* 263 F.3d at 467; *Porterfield,* 258 F.3d at 486–87.

## III. ANALYSIS

By ordering Petitioner to file a motion for a certificate of appealability, this Court followed the mandate of *Murphy* and stayed its hand until Petitioner had an opportunity to present his case for a certificate of appealability. *See Murphy,* 263 F.3d at 467; *Brown,* 187 F.Supp.2d at 890; *Payne,* 194 F.Supp.2d at 757–58.

As noted in *Brown,* a petitioner often will not address the *Slack* standard in his habeas motion itself. *Brown,* 187 F.Supp.2d at 890–91. Instead, a petitioner frequently addresses that standard, and moves for a certificate of appealability, only in response to a district court's denial of habeas relief.[1] If a district court were

---

1. *See, e.g., Reynolds v. United States,* 201 F.Supp.2d 772, 772 (E.D.Mich.2002) (Gadola, J.) (adjudicating a motion for a certificate of appealability ("COA") after habeas relief denied); *Wilson v. Straub,* 185 F.Supp.2d 766, 767 (E.D.Mich.2002) (Hood, J.) (noting a previous adjudication of a motion for a COA after habeas relief denied); *Davis v. Russell,* No. C–2–99–1242, 2002 WL 1580511, at *1

(S.D.Ohio July 9, 2002) (Sargus, J.) (adjudicating a motion for a COA after habeas relief denied). *See also, e.g., Noel v. Norris,* 194 F.Supp.2d 893, 939 (E.D.Ark.2002) (adjudicating an "application" for a COA after habeas relief denied); *Celikoski v. United States,* 114 F.Supp.2d 42, 42 (D.R.I.2000) (adjudicating a motion for a COA after habeas relief denied); *United States v. Smith,* 113

to deny the certificate of appealability *sua sponte*, without a motion and brief for a certificate of appealability, the court would effectively deprive many petitioners of an opportunity to explain why, pursuant to *Slack*, they were entitled to a certificate of appealability. *See Murphy*, 263 F.3d at 467; *Brown*, 187 F.Supp.2d at 890–91; *Payne*, 194 F.Supp.2d at 757–58.

Opponents of this prudent approach would argue that, when a district court adjudicates a petitioner's habeas motion, the petitioner has already had one opportunity to meet the *Slack* standard. *See, e.g., Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir.2000) ("Further briefing and argument on the very issues the [district] court has just ruled on would be repetitious.").

However, the text of Rule 22 of the Federal Rules of Appellate Procedure indicates that a petitioner is entitled to a second opportunity, independent of his motion for habeas relief, to prove under *Slack* that he is entitled to a certificate of appealability. *See Brown*, 187 F.Supp.2d at 891. This second opportunity is important to petitioners because, in some cases, a petitioner's ability to marshal arguments in favor of a certificate of appealability after his motion for habeas relief is denied may be critical to obtaining the certificate of appealability. *See id.* Moreover, by requiring a motion to be filed, the district court avoids becoming the petitioner's attorney. Petitioners are better served when their legal arguments are advanced by an advocate rather than a referee.

In this case, however, Petitioner has yet to file a motion and brief presenting his arguments under § 2253(c) and *Slack* of why he deserves a certificate of appealability. *See Murphy*, 263 F.3d at 467; *Brown*, 187 F.Supp.2d at 889–91; *Payne*, 194 F.Supp.2d at 757–58. (Again, Petitioner's submission of January 10, 2002, has been stricken and deemed not to be a part of the record of this case, and this Court shall not consider the stricken submission in ruling on a certificate of appealability.)

Without such a motion and brief from Petitioner, the Court finds that Petitioner has not made any showing or demonstration under § 2253(c) and *Slack* of why this Court should issue a certificate of appealability in this case. *See Murphy*, 263 F.3d at 467; *Brown*, 187 F.Supp.2d at 889–91; *Payne*, 194 F.Supp.2d at 757–58.

F.Supp.2d 879, 897 (E.D.Va.1999) (noting a previous adjudication of a motion for a COA after habeas relief denied); *Vargas v. Sikes*, 42 F.Supp.2d 1380, 1381 (N.D.Ga.1999) (adjudicating a motion for a COA filed after habeas relief denied); *Pope v. Marshall*, No. 00–12187, 2002 WL 1949229, at *1 (D.Mass. Aug. 23, 2002) (same); *Rodriguez v. State*, No. 02–0838, 2002 WL 1363866, at *1 (N.D.Cal. June 17, 2002) (noting a previous adjudication of a motion for a COA after habeas relief denied); *Bouie v. Varner*, No. 00–4846, 2002 WL 922154, at *4 (E.D.Pa. May 7, 2002) (adjudicating a motion for a COA after habeas relief denied); *United States ex rel. Whitfield v. Boyd*, No. 01–C–2936, 2002 WL 398604, at *1 (N.D.Ill. Mar. 14, 2002) (same); *Minicone v. United States*, No. 01–CV–1969, 2002 WL 418031, at *1 (N.D.N.Y. Mar. 12, 2002) (noting a previous adjudication of a motion for a

COA after habeas relief denied); *Nelson v. United States*, No. 01–CIV–3439, 2001 WL 1588923, at *1 (S.D.N.Y. Dec. 12, 2001) (adjudicating a motion for a COA after habeas relief denied); *Smith v. Mosley*, No. 00–0829, 2001 WL 228338, at *3 (S.D.Ala. 2001) (noting a previous adjudication of a motion for a COA after habeas relief denied); *Bradley v. Johnson*, No. 99–CA–331, 2001 WL 685513, at *1 (W.D.Tex. Jan. 4, 2001) (adjudicating a motion for a COA after habeas relief denied); *Hymes v. Jones*, No. 00–1552, 2000 WL 1843502, *1 (E.D.La. Dec. 14, 2000) (adjudicating an "application" for a COA after habeas relief denied); *United States v. Pappert*, No. 98–3137, 1999 WL 1467271, at *1 (D.Kan. Dec. 17, 1999) (adjudicating a motion for a COA after habeas relief denied); *Derryberry v. Trent*, No. 5:97–0988, 1999 U.S.Dist. LEXIS 22051, at *1 (S.D.W.Va. Aug. 20, 1999).

Consequently, this Court is caught in a "Catch 22" between *Murphy, Porterfield,* and the Clerk's remand order in this case. *Murphy* and *Porterfield* require individualized determinations of Petitioner's arguments for a certificate of appealability. 263 F.3d at 467,258 F.3d at 486–87. On the other hand, the Clerk's remand order is directing this Court to make a determination on a certificate of appealability now, before Petitioner has made any showing of why this Court should issue a certificate of appealability.

The Court, therefore, under these conflicting pressures, reluctantly finds that without the benefit of a motion and brief from Petitioner it has little choice but to deny a certificate of appealability in this case. Because Petitioner has failed to make any showing under § 2253(c) and *Slack* to this Court of why Petitioner is entitled a certificate of appealability, this Court has no reason to question its Order of April 25, 2001, denying Petitioner's § 2255 motion. Thus, this Court declines to issue a certificate of appealability in this case.

## IV. CONCLUSION

**ACCORDINGLY IT IS HEREBY ORDERED** that the certificate of appealability is **DENIED.**

**SO ORDERED.**