Samuel GENEVA, Petitioner–
Appellant,

v.

Alan J. LAZAROFF, Warden,
Respondent–Appellee.

No. 01–4205.

United States Court of Appeals,
Sixth Circuit.

Oct. 2, 2003.

Before KENNEDY, GUY, and DAUGHTREY, Circuit Judges.

KENNEDY, Judge.

Petitioner appeals the district court's denial of his petition for a writ of habeas corpus. Geneva argues that his petition is not barred by the statute of limitations and that he has established cause and prejudice to excuse the procedural default of his claims.

## BACKGROUND

On February 1, 1995, an Ohio jury convicted Petitioner, Samuel Geneva, of one count of aggravated vehicular homicide and two counts of aggravated vehicular assault in violation of Ohio Rev.Code §§ 2903.06 and 2903.08. He was sentenced to an aggregate term of eight to thirteen years of imprisonment. At trial, Petitioner was represented by the public defender for Tuscarawas County. On March 1, 1995, the same-court-appointed counsel filed a notice of appeal to the Court of Appeals for Tuscarawas county. Petitioner's brief, submitted on October 19, 1995, raised the following five assignments of error: (1) the trial court erred in allowing the computer re-enactment of the crash to be played for the jury; (2) the trial court did not remain impartial by asking irrelevant questions that inflamed the jury and were irrelevant to the case; (3) the trial court allowed into trial inflammatory evidence not designed to prove any element of aggravated vehicular assault; (4) the trial court allowed prejudicial evidence of the decedent's habit to show she acted in conformity with her prior habits; (5) the testimony of the laboratory analyst was inadmissible due to no showing of compliance with the Ohio Administrative Code regulations. None of these claims were raised as federal constitutional claims or argued as such in Petitioner's brief. On June 19, 1996 the Court of Appeals affirmed the sentence on direct appeal. However, neither the court nor the court-appointed counsel notified Petitioner of the decision. As a result, Petitioner failed to file a notice of appeal to the Ohio Supreme Court within the prescribed 45–day period, which ended on August 13, 1996.

On October 30, 1996, Petitioner, through a new counsel, filed a notice of appeal and motion for a delayed appeal in the Ohio Supreme Court. On December 18, 1996, the Ohio Supreme Court denied Geneva's motion for leave to file a delayed appeal and dismissed the appeal. On February 10, 1997, Petitioner filed an application to reopen his appeal under Ohio App.R. 26(B) in the Court of Appeals for Tuscarawas County alleging that he was denied affective assistance of counsel and setting forth four additional issues that counsel should have raised as part of his original appeal. Those issues were (1) Petitioner was denied due process of law when the court instructed on foreseeability in a manner which allowed Petitioner to be convicted for negligence; (2) Petitioner was denied effective assistance of counsel where no motion to suppress was filed to test the admissibility of blood alcohol results; (3) Petitioner was denied a fair trial when the prosecution offered evidence concerning the life style of the Petitioner into evidence; (4) Petitioner was denied effective assistance of counsel when no instruction was requested concerning the failure of

Petitioner to testify. On March, 24, 1997, the Court of Appeals denied Petitioner's application to reopen his appeal stating that Petitioner failed to set forth a showing of good cause for the untimely filing of the application. The court failed, however, to notify either Petitioner or his current counsel, instead sending the decision to Petitioner's original court-appointed counsel.

On August 13, 1998, a full 18 (eighteen) months after filing the motion to reopen but only two days after Geneva's counsel learned that his Rule 26(B) appeal was denied, Petitioner filed a motion to vacate the judgment of the Court of Appeals. On September 28, 1998, the Court of Appeals denied the motion, stating that although the failure to serve the March 24, 1997 decision on him may impact his ability to timely appeal to the Ohio Supreme Court, it did not impact the merits of its decision. On November 3, 1998, Petitioner filed a notice of appeal to the Ohio Supreme Court.[1] The Ohio Supreme Court declined jurisdiction and dismissed the appeal on February 3, 1999.

On February 26, 1999, Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254.[2] On Sep-

---

1. Petitioner raised the following propositions of law in support of jurisdiction: (1) a defendant in a criminal case is denied due process of law when the Court of Appeals, in ruling upon an application of reopening an appeal fails to notify either defendant or his counsel of record of its decision as required by law; (2) a defendant is denied due process of law when the court instructs on the foreseeability in a manner which allows defendant to be convicted for mere negligence; (3) a defendant is denied effective assistance of counsel where no motion to suppress was filed to test the admissibility of blood alcohol results; (4) a defendant is denied a fair trial when the prosecution offers evidence concerning the life style of the decedent into evidence; (5) a defendant is denied effective assistance of counsel when no instruction was requested concerning the failure of the defendant to testify at his trial.

2. Petitioner raised the following five grounds for relief: (1) he was denied a fair trial, in violation of the Fourteenth Amendment, when the court permitted into evidence a computer reenactment of a crash in which petitioner was involved. The computer re-enactment was prepared by a witness using computer software created by the witness and of which the witness had no knowledge as to how it was created; (2) he was denied a fair trial, in violation of the Fourteenth Amendment, when the trial court allowed and asked witnesses irrelevant and prejudicial questions which inflamed the jury. The trial court allowed into evidence inflammatory evidence not relevant to the issue to be proven at trial. The trial court also allowed evidence that witnesses and persons involved in the offense did in a manner which conformed with their habit. The trial court permitted testimony from a laboratory analyst who had no personal

tember 21, 2001, after reviewing the report and recommendation by the Magistrate Judge and Petitioner's objections to the report, the District Court denied Petitioner's petition for a writ of habeas corpus. The court found that the petition was timely but nevertheless denied the petition because Petitioner had either failed to exhaust his claims and/or procedurally defaulted his claims.[3] The court also denied Petitioner a certificate of appealability. On April 29, 2002, this Court remanded the case to the District Court for a more particularized reasoning of its denial as mandated by *Murphy v. Ohio*, 263 F.3d 466 (6th Cir.2001). *Geneva v. Lazaroff*, No. 01–4205, slip op. at 1 (6th Cir. Apr. 29, 2002). The District Court, on remand, held that Geneva was not entitled to a certificate of appealability for any of his claims because he procedurally defaulted all five of them. *Geneva v. Lazaroff*, No. 5:99–CV–441, slip op. at 6 (N.D.Ohio May 10, 2002). While Geneva did not file a new COA application with this Court, the receipt of his notice of appeal was construed as such a motion under Fed. R.App. P.

22(b). Upon review, this Court granted the application for a certificate of appealability as to the following two issues: (1) whether Petitioner has established cause and prejudice that would excuse the procedural default of his claims; and (2) whether his § 2254 petition was filed within the applicable one-year limitation period. *Geneva v. Lazaroff*, No. 01–4205, slip op. at 1 (6th Cir. July 12, 2002). The parties have waived oral arguments.

## STANDARD OF REVIEW

This court reviews *de novo* the disposition of a petition for a writ of habeas corpus. *Carpenter v. Mohr*, 163 F.3d 938, 942–43 (6th Cir.1998). Section 2254(d) of Title 28 of the United States Code sets forth the standard for granting a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the

knowledge of the method used in analyzing the substance; (3) he was denied the effective assistance of trial counsel and appellate counsel, in violation of the Sixth Amendment. Petitioner was represented by court-appointed counsel at trial and on appeal. Court-appointed counsel filed an appeal to the Court of Appeal but failed to notify or inform Petitioner of the decision of the Court of Appeals. Consequently, no appeal was filed within 45 days to the Ohio Supreme Court. Petitioner attempted to file a delayed appeal to the Ohio Supreme Court but this was denied. Petitioner was denied the effective assistance of trial counsel where counsel failed to file a motion to suppress to contest the admissibility of a blood alcohol test. Petitioner was denied the effective assistance of counsel when trial counsel failed to request an instruction concerning the failure of petitioner to testify at his trial; (4) he was denied a fair trial, in violation of the Fourteenth Amendment, when the court instructed the jury in such a manner that petitioner could be convicted of a crimi-

nal offense based on mere negligence. Petitioner was further denied a fair trial when the prosecution offered evidence concerning the life style of the decedent into evidence which only inflamed the jury and prejudiced Petitioner; (5) he was denied due process of law, in violation of the Fourteenth amendment, when after filing an application to reopen his appeal the Court of Appeals failed to notify either him or his counsel of record of the decision as required by law. As a result, Petitioner lost an opportunity to file an appeal to the Ohio Supreme Court.

3. The Magistrate Judge also recommended that Petitioner's fifth ground for relief (failure by the Court of Appeals to notify him) be found to have no merit as an alternative basis for denial. The District Court included an additional reason specific to Petitioner's first ground for relief (admission into evidence of computer re-enactment), specifically, it failed to state an appropriate Fourteenth Amendment claim.

merits in State court proceedings unless the adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## ANALYSIS

This Court issued a certificate of appealability on two issues: (1) Whether Petitioner's petition was filed within the applicable one-year statute of limitations period? (2) Whether Petitioner established cause and prejudice that would excuse procedural default of his claims?

### 1. Statute of limitations

The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") added a 1–year statute of limitations for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(d)(1)-(2). The District Court found that Petitioner was entitled to equitable tolling for the period of time between March 24, 1997 (when the Court of Appeals denied the application to reopen) and August 13, 1998 (when Petitioner filed a motion to dismiss) on the basis of the appellate court's failure to provide notice to either Petitioner or his counsel that the motion was denied.[4] *See Geneva v. Lazaroff*, No. 5:99–CV–441, slip op. at 5–7 (N.D.Ohio, Sept. 21, 2001). As a result, the District Court held that requirements of the statute were met and that the action was timely. *Id.* Petitioner urges us to uphold that finding both on the grounds that the Respondent did not timely cross-appealed the issue and on substantive grounds. Respondent urges us to find that the statute of limitations bars this claim. We choose not to resolve this issue[5] because we find that, assuming the petition was timely, Petitioner failed to establish cause and prejudice that would excuse procedural default of his claims.

### 2. Petitioner failed to establish cause and prejudice that would excuse procedural default of his claims and failure to exhaust available state remedies.

The District Court found Petitioner's claims to be procedurally defaulted in the Ohio courts for failure to file timely appeals or motions. The District Court also found that Petitioner failed to exhaust his state remedies thereby barring the federal courts from reviewing his petition. *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Ordinarily, a state prisoner must first exhaust his available state court remedies before seeking habeas relief by fairly presenting all his claims to the state courts. 28 U.S.C. § 2254(b), (c); *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir.2002). A fair presentation requires more than mere assertion of magic phrases like "fair trial" or "due process"; a state prisoner must present his claims as *federal constitutional* claims. *See, e.g., McMeans v. Brigano*, 228 F.3d 674, 681–82 (6th Cir.2000) (petitioner must cite some federal precedent and not simply say "fair trial" or "due process"); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.1993) (claim is fairly presented if petitioner cites to a provision of the Constitution, decisions using constitutional analysis, or state decisions employing constitutional analysis in similar

---

4. The reader is directed to the District Court's opinion underlying that finding for greater detail.

5. Thereby neither affirming nor reversing the lower court.

fact patterns). However, the exhaustion rule only requires dismissal of petitions if the prisoner still has a remedy available to him to pursue in the state courts which have not yet been given an opportunity to review the challenged conviction on the grounds asserted in the habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Gray v. Netherland,* 518 U.S. 152, 161–62, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (citing *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). If the prisoner is barred from pursuing the relief in the state courts, there is no exhaustion problem but the prisoner will still not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claim in the state courts and actual prejudice to his defense at trial or on appeal. *See generally, Gray,* 518 U.S. at 162, 116 S.Ct. 2074; *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Clifford v. Chandler,* 333 F.3d 724, 728 (6th Cir.2003). Therefore, in such a case, the federal court must undertake the same "cause and prejudice" analysis as it does in cases of ordinary procedural default. *Lorraine v. Coyle,* 291 F.3d 416, 422 (6th Cir.2002).

A claim procedurally defaulted in state court will be unreviewable in federal habeas unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 751, 111 S.Ct. 2546.

"Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See, e.g., Jamison v. Collins,* 291 F.3d 380, 386 (6th Cir.2002). If petitioner fails to establish cause for his procedural default, the reviewing court need not address the prejudice issue. *See Smith v.*

*Murray,* 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). The Magistrate Judge and the District Court found that Geneva procedurally defaulted all of his claims both because they were not raised timely and because in most instances they were not raised as federal constitutional claims in the Ohio courts. Petitioner has failed to exhaust state remedies and thus his claim is not reviewable in federal court unless petitioner can show cause and prejudice. We now therefore consider whether Geneva established cause and prejudice.

a. *Ground 1–permitting into evidence a computer re-enactment of a crash.*

Petitioner raised this argument several times in the Ohio state courts. However, he presented it solely as a question of state evidentiary law. *See, e.g.,* Appellant's Brief J.A. at 156–57; Appellant's Mot. Delayed Appeal J.A. at 243. He therefore failed to exhaust his state remedies. Since he is barred from litigating this issue in the state courts, he must satisfy the "cause and prejudice" test to obtain habeas relief. *Gray,* 518 U.S. at 162, 116 S.Ct. 2074. Petitioner argues that his failure to raise those questions as a matter of federal constitutional law on direct appeal stemmed from the ineffective assistance of his original counsel. If that were the only way to challenge the evidentiary ruling in Ohio, we might agree with Petitioner. However, Petitioner also failed to raise this issue as a federal claim at his post-conviction Rule 26(B) review. He cannot assert ineffective assistance of counsel as a "cause" for this failure because there is no federal constitutional right to counsel beyond the direct appeal and, hence, there can be no claim of ineffective assistance of counsel. *Coleman,* 501 U.S. at 722, 111 S.Ct. 2546. And indeed Petitioner does not assert that claim. We hold that Petitioner failed to establish cause for his failure to exhaust state remedies with regard to Ground 1. Since Petitioner failed to establish cause,

we need not address the prejudice issue. *Murray*, 477 U.S. at 533, 106 S.Ct. 2661. Ground 1 is therefore rejected as a basis for a habeas relief.

### b. *Ground 2–trial court's questioning of witnesses.*

Petitioner raised this argument several times in the Ohio state courts. However, he presented it solely as a question of state evidentiary law. *See, e.g.,* Appellant's Brief J.A. at 158–59; Appellant's Mot. Delayed Appeal J.A. at 244. He therefore failed to exhaust his state remedies. Since he is barred from litigating this issue in the state courts, he must satisfy the "cause and prejudice" test to obtain habeas relief. *Gray*, 518 U.S. at 162, 116 S.Ct. 2074. Petitioner argues that his failure to raise those questions as a matter of federal constitutional law on direct appeal stemmed from the ineffective assistance of his original counsel. Again, Petitioner failed to raise this issue as a federal claim at his post-conviction Rule 26(B) review. He cannot assert ineffective assistance of counsel as a "cause" for this failure because there is no federal constitutional right to counsel beyond the direct appeal and, hence, there can be no claim of ineffective assistance of counsel. *Coleman*, 501 U.S. at 722, 111 S.Ct. 2546. Since Petitioner has not presented any plausible theory to establish "cause," we hold that Petitioner failed to establish cause for his failure to exhaust state remedies with regard to Ground 2. Since Petitioner failed to establish cause, we need not address the prejudice issue. *Murray*, 477 U.S. at 533, 106 S.Ct. 2661. Ground 2 is therefore rejected as a basis for a habeas relief.

### c. *Ground 3–ineffective assistance of original counsel on direct appeal.*

Petitioner alleges several grounds in support for his claim of ineffective assistance of the original counsel. His claim of ineffective assistance of counsel based on the counsel's failure to notify him of the decision by the Court of Appeals was never raised in a state court. He therefore failed to exhaust his state remedies. Petitioner also alleges that he was denied the effective assistance of counsel for failure to file a motion to suppress the admissibility of blood alcohol level. Petitioner raised this argument on a motion for reopening of appeal to the Ohio Court of Appeals. However, he presented it solely as a question of state evidentiary law. Applic. Reopening Appeal J.A. at 262. He therefore failed to exhaust his state remedies. Since he is barred from litigating these issues in the state courts, he must satisfy the "cause and prejudice" test to obtain habeas relief. *Gray*, 518 U.S. at 162, 116 S.Ct. 2074. He cannot assert ineffective assistance of counsel as a "cause" for this failure because there is no federal constitutional right to counsel beyond the direct appeal and, hence, there can be no claim of ineffective assistance of counsel. *Coleman*, 501 U.S. at 722, 111 S.Ct. 2546. In fact, Petitioner does not assert this claim. He also does not present any other theory to show "cause." We hold that Petitioner failed to establish cause for his failure to exhaust state remedies with regard to Ground 3. Since Petitioner failed to establish cause, we need not address the prejudice issue. *Murray*, 477 U.S. at 533, 106 S.Ct. 2661.[6] Ground 3 is therefore rejected as a basis for a habeas relief.

---

**6.** Petitioner also raises an ineffective assistance of counsel claim with regard to his original counsel's failure to request an instruction concerning the failure of Geneva to testify at his trial. This claim was presented for the first time in an application to reopen in the Ohio Court of Appeals. The District Court found that this claim is procedurally barred and that Petitioner has failed to show cause. Assuming that Petitioner can show as cause the ineffective assistance of his original counsel, we find that he failed to prove any prejudice from his counsel's failure. The

d. *Ground 4—trial court's instruction that could result in a conviction based on mere negligence and trial court's failure to prevent the prosecution from offering into evidence the decedent's lifestyle.*

Petitioner raised the argument about decedent's lifestyle several times in the Ohio state courts. However, he presented it too solely as a question of state evidentiary law. *See, e.g.,* Appellant's Brief J.A. at 161; Appellant's Mot. Delayed Appeal J.A. at 246; Applic. Reopening Appeal J.A. at 262–63; Appellant Mem. Supp. Juris. J.A. at 306. Petitioner raised the argument about the jury instruction for the first time in an application to reopen. However, he presented it solely as a question of state law. Applic. Reopening Appeal J.A. at 260–62; Appellant Mem. Supp. Juris. J.A. at 304–05. He therefore failed to exhaust his state remedies with regard to both claims. Since he is barred from litigating this issue in the state courts, he must satisfy the "cause and prejudice" test to obtain habeas relief. *Gray,* 518 U.S. at 162, 116 S.Ct. 2074. Petitioner argues that his failure to raise those questions as a matter of federal constitutional law on direct appeal stemmed from the ineffective assistance of his original counsel. If that were the only way to challenge the trial court's conduct in Ohio, we might agree with Petitioner. However, Petitioner also failed to raise this issue as a federal claim at his post-conviction Rule 26(B) review.

He cannot assert ineffective assistance of counsel as a "cause" for this failure because there is no federal constitutional right to counsel beyond the direct appeal and, hence, there can be no claim of ineffective assistance of counsel. *Coleman,* 501 U.S. at 722, 111 S.Ct. 2546. Petitioner does not dispute that. However, Petitioner does not present any other argument to establish "cause." We therefore hold that Petitioner failed to establish cause for his failure to exhaust state remedies with regard to Ground 4. Since Petitioner failed to establish cause, we need not address the prejudice issue. *Murray,* 477 U.S. at 533, 106 S.Ct. 2661. Ground 4 is therefore rejected as a basis for a habeas relief.

e. *Ground 5—failure by the Court of Appeals to notify Geneva of its decision about his application to reopen his appeal*

Petitioner first raised this issue in his second appeal to the Ohio Supreme Court. However, again he presented it solely as a question of state law. Appellant Mem. Supp. Juris. J.A. at 303. He therefore failed to exhaust his state remedies with regard to this claim. He cannot assert ineffective assistance of counsel as a "cause" for this failure because there is no federal constitutional right to counsel beyond the direct appeal and, hence, there can be no claim of ineffective assistance of counsel. *Coleman,* 501 U.S. at 722, 111

State of Ohio argued in its brief in opposition to the Court of Appeals that this argument "is simply not born out by an examination of the trial transcript." Pl.['s] Mem. Opp'n J.A. at 274. The State proceeded to cite the portion of the trial transcript, where the judge stated that

[I]f Mr. Geneva chooses to present no evidence in this case you are instructed now that you cannot presume, assume or infer even to the slightest degree that his choice to present no evidence is evidence of his guilt ... because he has the right under law

to be silent, [and] not be compelled to testify against himself, you cannot ascribe any indicia of guilt to him because of that choice otherwise it would be a right worth nothing if you would be allowed to infer or presume or assume guilt because he exercised his right not to testify.

*Id.* Since the joint appendix does not include a trial transcript and Petitioner has failed to present any evidence that this is not a proper quotation, we find that Petitioner has failed to prove prejudice from his trial counsel's failure to request a jury instruction.

S.Ct. 2546. Since he has not asserted this as a "cause," nor has he presented any other "cause," we hold that Petitioner failed to establish cause for his failure to exhaust state remedies with regard to Ground 5. Since Petitioner failed to establish cause, we need not address the prejudice issue. *Murray,* 477 U.S. at 533, 106 S.Ct. 2661. Ground 5 is therefore rejected as a basis for a habeas relief.

## CONCLUSION

We find that Petitioner has failed to prove cause and prejudice to excuse his failure to exhaust state remedies and his procedural default. The judgment of the District Court is AFFIRMED.