RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0394P (6th Cir.)
File Name: 02a0394p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

ROBERT JINX CASTRO,
     *Petitioner-Appellant,*

    *v.*

UNITED STATES OF AMERICA,
     *Respondent-Appellee.*

No. 01-2353

Filed: November 13, 2002

Before: KENNEDY and MOORE, Circuit Judges; DOWD, District Judge.[*]

---

## ORDER

---

PER CURIAM. Robert Jinx Castro, a pro se federal prisoner, seeks to appeal a district court judgment denying his 28 U.S.C. § 2255 motion to vacate his sentence. Castro argues that he received ineffective assistance of counsel at sentencing because his lawyer failed to object to an inappropriate sentencing range and that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district

---

[*] The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

1

court rejected both arguments in denying Castro's § 2255 motion, but it neither denied nor granted Castro a certificate of appealability ("COA").

Castro filed a timely notice of appeal on September 28, 2001. According to the Federal Rules of Appellate Procedure, "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1). Because the district court had yet to rule on a COA, the Sixth Circuit Clerk's Office sent a letter on January 2, 2002, asking the district court clerk to advise the district judge that, until he supplemented the record with a COA ruling, we would not be able to take further action. The district court has yet to grant or deny a COA in this case.

We have learned that the district judge is reluctant to issue a COA ruling because it is his policy to "decide whether to issue a COA only after a petitioner moves for such relief." *Brown v. United States*, 187 F. Supp. 2d 887, 891 (E.D. Mich. 2002). In light of the district judge's reasoning in *Brown*, we can infer that he declined to issue or deny a COA in this case for three reasons. First, the district judge interprets *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001), as suggesting that district courts should wait for a petitioner to apply for a COA before issuing a COA ruling. *Brown*, 187 F. Supp. 2d at 890. Second, he believes that "the plain language of Rule 22(b)(1) shows that a petitioner must (1) move for a COA *and* (2) file a notice of appeal before [the district court] is required to decide whether a COA shall issue." *Id.* Finally, the district judge reasons "that prematurely ruling on a COA would effectively deprive many petitioners of the opportunity to prove that they are entitled to a COA" under the standard announced in *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Brown*, 187 F. Supp. 2d at 890. Upon review, we conclude that the district court's justifications for refusing to issue a COA ruling before a habeas petitioner applies for a COA are unpersuasive.

---

**CONCURRENCE**

---

KENNEDY, Circuit Judge, concurring. I concur in the panel's opinion but write separately to acknowledge the disadvantages that may result from following the procedure our opinion suggests.

First, the issuance of a certificate of appealability contemporaneously with the decision on the writ may result in appeal when otherwise no appeal would have been filed. Second, petitioner may have otherwise requested a COA on only one or two of the issues. Without such a request, the district judge must deal with all the issues raised in the petition for the writ perhaps causing the judge unnecessary work. Third, while the petitioner may move for reconsideration where the COA is entered with the opinion, the burden on the petitioner to persuade the judge to change a ruling is greater than the burden to persuade the judge to adopt that ruling as an initial matter.

However, I concur because Fed. R. App. P. 22(B)(1) requires the district court to issue a COA ruling and we have already approved its issuance at the time of the merits decision.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

Clerk

is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Thus the structure of Rule 22(b) clearly contemplates the decision on issuance of COAs by both district and court of appeals judges in circumstances where the applicant for a writ of habeas corpus has not filed a motion for a COA. We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA.

Therefore, we reject as unpersuasive the district judge's arguments in support of his policy "to decide whether to issue a COA only after a petitioner moves for such relief." *Brown*, 187 F. Supp. 2d at 891. Rule 22(b)(1) requires that the district court issue or deny a COA in accordance with the principles of 28 U.S.C. § 2253(c)(2) and (3) once the petitioner has filed a notice of appeal. Rule 22(b)(1) also mandates that the district court clerk "must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings." Fed. R. App. P. 22(b)(1). *Lyons* explicitly permits the district judge to "determine whether to issue the certificate of appealability when she denies the initial petition" for a writ of habeas corpus. 105 F.3d at 1072. Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by "indicat[ing] which specific issue or issues satisfy the showing required," 28 U.S.C. § 2253(c)(3), i.e., a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, because the petitioner has filed a notice of appeal in this case, we hereby remand this case to the district court so that it may either issue a COA or state why a certificate should not issue pursuant to Rule 22(b)(1) and 28 U.S.C. § 2253(c).

The district court's reliance on *Murphy* in its first argument is misplaced because *Murphy* is in conflict with this court's earlier decision that a district court may decide whether to issue a COA at the time of denial of habeas relief. *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). A district judge must issue or deny a COA if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1). Furthermore, a district judge may issue or deny a COA when he rules on a habeas motion. *Lyons*, 105 F.3d at 1072. We explained in *Lyons* "that a district judge who has just denied a habeas petition. . . . will have an intimate knowledge of both the record and the relevant law and could simply determine whether to issue the certificate of appealability when she denies the initial petition." 105 F.3d at 1072. *Murphy* suggests that a district judge should not rule on a COA until a petitioner applies for a COA. 263 F.3d at 467 (criticizing a district judge for "den[ying] Murphy a COA before Murphy had even applied for one"). *Murphy* therefore conflicts with *Lyons* by implying that a district judge cannot decide a COA when denying habeas relief because the habeas petitioner obviously has yet to apply for a COA from the denial of relief. It is a well-established principle that "[a] panel of this Court cannot overrule the decision of another panel." *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision."). Therefore, *Murphy* does not overrule our explicit authorization in *Lyons* for a district judge to "determine whether to issue the certificate of appealability when she denies the initial [habeas] petition." *Lyons*, 105 F.3d at 1072.

The district court's second argument for postponing COA determinations incorrectly interprets Rule 22(b)(1) to require that a petitioner *both* move for a COA *and* file a notice of appeal before the court rules on the COA. When interpreting statutory language, a court should interpret the statute as a

coherent whole and give consistent meaning to terms throughout the statute. *See Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 964 (6th Cir. 1998) (basic rule of statutory construction "requires us to read a statutory provision in a manner consistent with the statute's other provisions"); *First City Bank v. Nat'l Credit Union Admin. Bd.*, 111 F.3d 433, 438 (6th Cir. 1997) ("It is a basic canon of statutory construction that phrases within a single statutory section be accorded a consistent meaning."); *Lyons*, 105 F.3d at 1069 (internal citations omitted) (noting that the court must read the statute as a "coherent whole," being mindful that "the construction that produces the greatest harmony and the least inconsistency is that which ought to prevail"). These principles apply to our construction of the Federal Rules of Appellate Procedure.

The language of Rule 22 clearly requires that the district judge issue a COA ruling whenever an applicant files a notice of appeal. The district court believes that only someone who has moved for a COA can be an "applicant" filing a notice of appeal under Rule 22. The rules of statutory construction, however, lead us to a different interpretation of Rule 22(b)(1). In the context of Rule 22, the word "applicant" refers to someone who has applied for a writ of habeas corpus–not someone who has applied for a COA. Rule 22(b)(1) provides, in relevant part, "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." This plainly requires a district court to issue a COA ruling when an applicant for a writ of habeas corpus files a notice of appeal. *See, e.g., Forbes v. United States*, 1999 WL 1133362 at *1 (S.D. N.Y. Dec. 10, 1999) (district court properly construing notice of appeal as a request for a COA). Furthermore, throughout Rule 22(a) and (b), "applicant" refers to someone who has applied for a writ of habeas corpus, not someone who has applied for a COA. Rule 22(a) also repeatedly uses the word "application" to refer to an application for a writ of habeas corpus, and not to an application for a COA. Thus, the most coherent and consistent interpretation of the word "applicant" is someone

who has filed an application for a writ of habeas corpus and not someone who has filed an application for a COA, as the district court concluded.

Finally, we also reject the district court's argument that ruling on a COA before a petitioner formally applies for one effectively deprives the petitioner of the opportunity to show his or her entitlement to a COA. A petitioner is entitled to a COA only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained this standard as follows:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). The district court suggests that because petitioners rarely address the *Barefoot* standard for appellate review in their habeas proceedings in district court, a district court may deprive petitioners of their opportunity to address the standard for a COA by ruling on a COA before a petitioner applies for one. *Brown*, 187 F. Supp. 2d at 890. It is of course possible as well that under the framework mandated by Rule 22(b)(1), a petitioner will file a notice of appeal unaccompanied by a motion for a COA, yet Rule 22(b)(1) requires the district judge to decide whether to issue a COA upon the filing of the notice of appeal. In either situation, should the district judge deny a COA, the petitioner could seek reconsideration of that decision, accompanied by a motion and brief in support of a COA. Moreover, Rule 22(b)(1) further provides that "[i]f the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate." Finally, Rule 22(b)(2) provides that "[i]f no express request for a certificate