**Charles Lamont GEETER, Petitioner,**

v.

**Barbara BOUCHARD, Respondent.**

No. 03–40276.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 1, 2003.

Charles Geeter, Alger Maximum Facility, Munising, MI, Pro se.

## *ORDER OF SUMMARY DISMISSAL*

GADOLA, District Judge.

### I. *Introduction*

Petitioner Charles Lamont Geeter, a state inmate currently incarcerated at the Alger Maximum Correctional Facility in Munising, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner is

incarcerated pursuant to a 2001 conviction for attempted carjacking. He has failed to exhaust his state court remedies with respect to any of the claims presented in his habeas petition. The Court, therefore, shall dismiss the petition without prejudice.

## II. *Procedural History*

On February 23, 2001, Petitioner pleaded guilty in Monroe County Circuit Court to attempted carjacking and habitual offender, second, pursuant to a plea agreement providing a cap on the minimum sentence of twenty-one months. On March 29, 2001, he was sentenced to 21 months to seven and one-half years imprisonment. Petitioner did not file a direct appeal. *See* Petition, ¶ 8.

On November 26, 2002, Petitioner filed a Motion to Correct Presentence Report. The trial court granted the motion and ordered the Monroe County Probation Department to make appropriate changes in the presentence report and forward it to the Michigan Department of Corrections. The Probation Department noted that the correction would have changed the sentencing guidelines for the minimum sentence from 9 to 28 months to 7 to 28 months.

On January 15, 2003, Petitioner filed a Motion for Plea Withdrawal and/or Resentencing in the trial court. The trial court denied the motion. *People v. Geeter*, No. 01–31106–FH (Monroe County Circuit Court Feb. 4, 2003).

Petitioner then filed a Motion for Relief from Judgment in the trial court. The trial court denied the motion. *People v. Geeter*, No. 01–31106–FH (Monroe County Circuit Court Sept. 22, 2003). Petitioner has not filed an application for leave to appeal that decision in the Michigan Court of Appeals. *See* Petition, ¶ 13.

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

I. Denial of effective assistance of counsel.

II. Conviction obtained by guilty plea was unlawfully induced and not intelligently entered.

III. Conviction and sentence was by use of inaccurate information contained within P.S.I. [Presentence Investigation Report]

IV. Fourteenth Amendment constitutional rights to due process were violated in sentencing, sentencing guidelines were inaccurate, and motion for plea withdrawal and/or resentencing should have been granted.

## III. *Analysis*

A prisoner challenging his confinement by way of a habeas corpus petition must exhaust his state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir.1998). 28 U.S.C. § 2254, provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus ... shall not be granted unless it appears that:

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

.    .    .    .    .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The Sixth Circuit Court of Appeals has held that "federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *McMeans v. Brigano*, 228 F.3d 674, 680 (6th Cir.2000). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (internal quotation omitted). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir.1987).

█ Petitioner has not presented his claims to the Michigan Court of Appeals or to the Michigan Supreme Court. Therefore, he has not exhausted his state court remedies. Michigan Court Rule 7.205(F) allows an applicant twelve months from the entry of the judgment or order being appealed to file a delayed application for leave to appeal in the Michigan Court of Appeals. In this case, the trial court denied Petitioner's motion for relief from judgment on September 22, 2003. Accordingly, the time for filing a delayed application for leave to appeal in the Michigan Court of Appeals has not expired. Thus, a remedy remains available in state court for Petitioner to exhaust his claims.

In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. Thus, the Court finds that the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

█ The Court is mindful that, in dismissing a petition without prejudice, a district court must not " 'jeopardize the timeliness of a collateral attack.' " *Palmer*, 276 F.3d at 781, *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir.2001). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in *Hargrove*. The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, October 8, 2003, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this Court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." *Hargrove*, 300 F.3d at 718.

## IV. *Conclusion*

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus [docket entry 3] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. 2244(d)(1) shall be tolled from October 8, 2003, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claims to the state court within thirty days from the date of this order and (ii) Petitioner returns to this Court to pursue habeas corpus relief

within thirty days of exhausting state court remedies.

**IT IS FURTHER ORDERED THAT IF** Petitioner desires to seek a certificate of appealability ("COA") regarding this order, Petitioner may file a **MOTION** for a COA with this court within **TWENTY-ONE (21) DAYS** of filing a notice of appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States,* 310 F.3d 900, 903 (6th Cir.2002) ("We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA." (emphasis added)). Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

### *JUDGMENT*

The above entitled matter having come before the Court on a motion pursuant to 28 U.S.C. § 2254, the Honorable Paul V. Gadola presiding, the issues having been fully presented, the Court being fully advised in the premises, and a ruling having been duly rendered, **IT IS ORDERED AND ADJUDGED** that this action be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE.**