Scott Allen **STEVENS**, Petitioner,

v.

**UNITED STATES of America,**
Respondent.

No. CIV. 03–40229.
No. CRIM. 99–50096–01.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 5, 2004.

Cynthia M. Law, Lansing, MI, for Scott Stevens, petitioner.

### *ORDER*

GADOLA, District Judge.

Before the Court is Petitioner's motion pursuant to 28 U.S.C. § 2255. This motion was originally filed pursuant to 28 U.S.C. § 2241 on August 19, 2003. The case was assigned to Judge Nancy Edmunds, but was reassigned to this Court once it was determined that this was a companion to criminal case 99–50096. This Court then issued an order to show cause why this action should not be construed as a motion pursuant to 28 U.S.C. § 2255. Petitioner, through counsel, acknowledged that the action should be characterized as a motion pursuant to 28 U.S.C. § 2255 by a filing on September 25, 2003. The Court then ordered the action to be construed as a motion pursuant to 28 U.S.C. § 2255 and ordered the Government to respond. The Government filed

its response on November 5, 2003. Thus, Petitioner's motion pursuant to 28 U.S.C. § 2255 is now properly before this Court for adjudication.

## I. BACKGROUND

The factual background of this case was recounted by the Sixth Circuit in its opinion in the direct appeal of this matter. *See, United States v. Stevens*, 303 F.3d 711 (6th Cir.2002). To summarize, this action arises out of a fire in a commercial building on South Saginaw Street in Flint, Michigan. A grand jury returned an indictment charging Petitioner, the owner of the building, with twelve counts on December 1, 1999. After an eight day trial, a jury convicted Petitioner of two counts of solicitation to commit arson (counts 1 and 2), four counts of mail fraud related to the arson (counts 7, 8, 9, and 10), one count of arson (count 11), and one count of use of a fire to commit mail fraud (count 12). The jury acquitted Petitioner on four counts of mail fraud (counts 3, 4, 5, and 6) that related to his insurance claims for property damage to the commercial building. The Court sentenced Petitioner to concurrent terms of 51 months for counts 1, 2, 7, 8, 9, 10, and 11, and a 60 month consecutive term for count 12.

Petitioner appealed this sentence. On appeal, the Sixth Circuit affirmed the Court's admission of other acts evidence regarding other fires allegedly set by Petitioner. The Sixth Circuit also remanded the case for re-sentencing under a different sentencing guideline. The Court then re-sentenced Petitioner to 78 months on counts 1, 2, and 11 to be served concurrently; 60 months on counts 7 through 10, also to be served concurrently, and a term of 60 months on count 12 to be served consecutively to the other terms.

This is Petitioner's first § 2255 motion. Petitioner argues, through counsel, that his sentence should be vacated based on ineffective assistance of counsel at trial and requests a new trial based on newly discovered evidence. Specifically, Petitioner claims that his trial counsel failed to investigate and to prepare for trial, failed to obtain an expert, and failed to present a viable defense. Petitioner also claims that the identity of a backhoe driver is newly discovered evidence. This witness could allegedly testify that he drove a gasoline powered backhoe on the site of the fire after the fire and before certain samples were taken by the Government's witness. Petitioner alleges that the backhoe is the source of the gasoline found in one sample and that the driver's testimony would result in Petitioner's acquittal.

## II. ANALYSIS

### A. Ineffective Assistance of Counsel Claims

In determining whether Petitioner's representation fell below Sixth Amendment standards, this Court is bound by the principles set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). For a court to require reversal of conviction, a defendant must show both that "counsel's performance was deficient" under the Sixth Amendment and "that the deficient performance prejudiced the defense." *Id.* at 687, 104 S.Ct. 2052.

Deficient performance arises when the errors of counsel are so serious as to effectively deprive a defendant of the representation guaranteed by the Sixth Amendment. In order to demonstrate deficient performance, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. The standard for performance of counsel is that which is "reasonable[ ] under prevailing professional norms." *Id.* at 688, 104 S.Ct. 2052. The

judicial inquiry into the reasonableness of counsel's performance "must judge counsel's challenged conduct on the facts of the particular case viewed as of the time of counsel's conduct." *Id.* at 690, 104 S.Ct. 2052.

The Supreme Court has directed that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. 2052. The Court must maintain "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged conduct might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. 2052 (citation and internal quotations omitted). Thus, the Court must presume that counsel performed adequately and exercised reasonable professional judgment.

Furthermore, deficient performance by counsel "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691, 104 S.Ct. 2052. In order to prevail on a claim of ineffective assistance of counsel, a defendant must also show that counsel's deficient performance prejudiced the defendant's case and resulted in "a breakdown in the adversarial process that our system counts on to produce just results." *Id.* at 696, 104 S.Ct. 2052. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would be different." *Id.* at 694, 104 S.Ct. 2052. The Supreme Court has explained that a "reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Id.* Only when both the deficient performance and the prejudice elements have been satisfied may a defendant prevail on a claim of ineffective assistance of counsel.

In this case, Petitioner claims that his conviction was "due in large part to the government's expert witness' testimony" regarding a sample taken from a crack in the concrete that tested positive for gasoline. Mot. at 1. Petitioner claims that his counsel was ineffective for failing to retain an expert to rebut the evidence of gasoline found in the sample. Petitioner claims that defense counsel was ineffective for not obtaining an expert who could testify that the gasoline in the sample "would have been consumed in the fire" and that any gasoline subsequently found in that location was placed there after the fire occurred. Mot. at 3. Petitioner, however, has not provided affidavits in this regard or shown that such an expert could be found.

Regardless, defense counsel's decision regarding procurement of another expert was not Constitutionally ineffective. The Court notes that defense counsel did procure an expert witness who testified that the failure to secure the scene of the fire raised doubts about the accuracy of investigations and conclusions concerning the cause and origin of the fire. Tr. Vol. 5 at 106. Counsel also attacked the credibility of the conclusions made by the Government's witnesses regarding the sample with gasoline. Counsel elicited from the lab technician that the test could not determine when the gasoline was placed in the sample. Tr. Vol. 3 at p. 38. Counsel thereby suggested that the presence of gasoline could have been caused by contamination after the fire. Counsel further questioned the lab technician regarding whether gasoline would have evaporated in a fire of this intensity. *Id.* at pp. 34–38. Counsel also argued that time, weather, the various investigations, and the presence of a backhoe at the scene could affect the sample and the Government's evidence about the cause and origin of the fire.

Based on the totality of the evidence presented by defense counsel and his cross-examination strategies, the Court determines that counsel's decision not to procure an additional expert to rebut the gasoline evidence was not unreasonable. Counsel effectively cross-examined the Government's witnesses and presented another expert who testified regarding the preservation of the scene from which the sample was taken. The Court considers this to be a reasonable and effective trial strategy when viewed at the time of trial. Consequently, the first element of the *Strickland* test has not been met in this regard.

Since the deficiency element has not been met, an examination of the prejudice resulting from this decision is unnecessary. The Court notes, however, that Petitioner does not appear to have been prejudiced by counsel's decision in this regard. The testimony regarding burn patterns as well as the testimony that Petitioner had solicited others to commit this arson constitute persuasive evidence on which the jury could have based its verdict. Contrary to Petitioner's assertions, the Court does not consider the gasoline sample to be the decisive evidence supporting his conviction.

■ Petitioner next makes general claims that counsel failed to investigate the scene of the fire and to prepare properly for trial. Petitioner claims that as a result of this allegedly inadequate preparation, counsel failed to provide a viable defense. Having reviewed the transcripts of trial, however, it appears that counsel did present a viable defense. In his opening and closing statements, counsel articulated that the owner of the adjacent building wanted to burn the contents of his building at the same time as the fire at issue in this case occurred. Defense counsel called this owner, Robert Eastman, as a witness for the defense. Defense counsel also called one of Eastman's employees who was solicited by Eastman to commit arson in the building next to Petitioner's building. The Government's counsel acknowledged defense counsel's theory and argued against it in the Government's closing argument. The Government stated that "it is weird that we have two crimes committed in adjacent buildings within just a few weeks," but argued that "it's just speculation that those two crimes would be related." Tr. Vol. 7 at 22.

In addition to presenting this theory, defense counsel also worked to discredit the Government's evidence and investigation procedures. Defense counsel elicited from Government witnesses and from his own expert that the site should have been investigated more promptly and that failure to do so could have contaminated or compromised the findings. Defense counsel also addressed the guidelines for preservation of a fire scene and established that those leaving the building with Petitioner on the day of the fire did not smell any gasoline on Petitioner or in the building. Defense counsel also established legitimate motives for Petitioner's suspicious actions, such as covering over the building's windows and having the furnace repaired. The Court cannot conclude that this representation constituted a Constitutionally deficiency performance. Finally, the Court notes that at the conclusion of the trial, the Court stated that "both the Government and the defense counsel represented their respective clients very well in this case." Tr. Vol. 7 at p. 112. Since the Court determines that counsel's general performance was not deficient or unreasonable, the Court will not examine whether prejudice resulted from the performance.

**B. Newly Discovered Evidence Claims**

■ Petitioner claims that the identity of the person who drove a gasoline-pow-

ered backhoe over the scene of the fire is newly discovered evidence. Petitioner seeks a new trial based on this evidence and claims that this witness's testimony would result in an acquittal. Petitioner cites to Federal Rule of Criminal Procedure 33 as the rule governing the request for a new trial. Rule 33 provides that the Court "may grant a new trial to that defendant if required in the interest of justice." Fed.R.Crim.P. 33(a). The rule also provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R.Crim.P. 33(b)(1). The jury rendered the verdict in this case on August 31, 2000. Since this motion was filed on August 19, 2003, the motion is within the three-year time limit for filing such a motion. The Court will therefore address the motion on the merits.

The Sixth Circuit has noted that "[m]otions for a new trial are disfavored" and "should be granted with caution." *United States v. Seago,* 930 F.2d 482, 488 (6th Cir.1991). Additionally, the "defendant bears the burden of showing that a new trial ought to be granted." *Id.* The Sixth Circuit has articulated four elements that "must be established before a new trial will be granted." *United States v. O'Dell,* 805 F.2d 637, 640 (6th Cir.1986). These elements are: "(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce acquittal." *Id.* (citation omitted). Even assuming that the evidence was discovered after the trial and that the evidence is material, the Court concludes that the second and fourth elements have not been met. A new trial is therefore not warranted.

Regarding the second element, the Court cannot conclude that the identity of the backhoe driver "could not have been discovered earlier with due diligence." Petitioner's trial counsel appeared to have knowledge of the presence of a backhoe on the scene. He asked the Government's expert whether "it appeared that a backhoe or something had been in there." Tr. Vol. 3 at p. 61. Defense counsel used the presence of a backhoe to address the issue of contamination: "when you take gas or diesel operated machinery and drive it across a fire scene, that doesn't concern you a bit about contamination?" *Id.* Furthermore, the Government has produced an affidavit by the alleged backhoe driver. The driver stated that he was Petitioner's neighbor and that Petitioner "gave him permission" to salvage scrap metal from the burned building. Gov't Ex. B. This suggests that Petitioner had knowledge of the driver's identity and could have contacted him for trial. Petitioner has not met his burden of showing that the driver's identity could not have been discovered earlier with due diligence. Consequently, the second element required for the granting of a new trial has not been met.

Furthermore, the new evidence is not likely to produce an acquittal, the fourth element required for a new trial. While testimony from the driver could provide evidence of contamination of the site, the Government's expert testified that "the area where we focused our investigation [regarding the cause and origin of the fire] was not disturbed." *Id.* at p. 8. The expert acknowledged that he "observed where someone [ ] had been digging in there, it looked like maybe they had a hydra unit in there." *Id.* at p. 12. This, however, was not the location from which the expert took samples or made his conclusions. The expert specifically described a photograph, exhibit 89, as evidence that "some-

one did not come through and [ ] stir the debris up [in the relevant location] prior to us arriving." *Id.* at p. 16.

Petitioner argues that the backhoe could be the source of the gasoline found in the sample. The Government's expert, however, stated that the presence of gasoline in the sample was not significant to him in forming his opinion that the fire was intentionally set. He stated that his opinion "was made prior to" receiving the results of the laboratory report and that he does not "form [his] opinion based on one piece of evidence." *Id.* at p. 44. Given this testimony and the additional evidence regarding Petitioner's solicitations of others to commit this arson, the Court cannot conclude that the backhoe driver's identity would likely produce an acquittal. Consequently the fourth element required for the granting of a new trial is also not met.

Since the identity of the backhoe driver could have been discovered earlier with due diligence and since the evidence is not likely to produce an acquittal, the Court will not grant a new trial.

**ACCORDINGLY, IT IS HEREBY ORDERED** that, Petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255 and for a new trial pursuant to Federal Rule of Criminal Procedure 33 [docket entry 105] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA within **TWENTY-ONE (21) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States,* 310 F.3d 900, 903 (6th Cir.2002) (*"We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."* (emphasis added)). The Government may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

**SO ORDERED.**

### *JUDGMENT*

The above entitled matter having come before the Court on a motion pursuant to 28 U.S.C. § 2255, the Honorable Paul V. Gadola presiding, the issues having been fully presented, the Court being fully advised in the premises, and a ruling having been duly rendered, **IT IS ORDERED AND ADJUDGED** that Petitioner is entitled to **NO RELIEF** and that this action be, and the same hereby is, **DISMISSED WITH PREJUDICE.**